UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Philip R. Vance,

                Petitioner,

v.

John King, and Lori Swanson,
Attorney General of Minnesota,

                Respondents.

MEMORANDUM OPINION
AND ORDER
Civ. No. 08-4756 ADM/SRN

_____

Philip R. Vance, pro se.

Kevin J. Golden, Esq., Assistant Dakota County Attorney, Hastings, MN, on behalf of Respondents.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Petitioner Philip R. Vance's ("Vance") Objections [Docket No. 17] to Magistrate Judge Susan R. Nelson's December 16, 2008, Report and Recommendation ("R&R") [Docket No. 14]. Judge Nelson recommends that Vance's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus [Docket No. 1], Motion for Evidentiary Hearing [Docket No. 9], and Application for Appointment of Counsel [Docket No. 12] be denied and that the action be dismissed with prejudice. For the reasons set forth below, Vance's Objections are overruled and the R&R is adopted.

## II. BACKGROUND

The factual and procedural background of Vance's case is well documented in Judge Nelson's R&R and is incorporated herein by reference. Briefly stated, in October 2004, a jury found Vance guilty of first-degree premeditated murder, first-degree felony murder, and second-degree intentional murder for the shooting death of Khaled Al-Bakri during a robbery of a

supermarket in South St. Paul in December 2002. State v. Vance, 714 N.W.2d 428, 433 (Minn. 2006). On direct appeal, the Minnesota Supreme Court affirmed the conviction. Id. at 433. Vance filed a petition for post-conviction relief in Dakota County District Court in May 2007. See Vance v. State, 752 N.W.2d 509, 512 (Minn. 2008). The district court summarily denied the petition on the ground that the claims were either raised and decided on appeal already, or were known and not raised at the time of appeal, and the Minnesota Supreme Court affirmed the denial. Id. Vance then filed the instant petition for a writ of habeas corpus on July 24, 2008, asserting that the following alleged errors violated his constitutional rights: (1) the trial court's refusal to admit the testimony of certain witnesses; (2) the trial court's admission of allegedly perjured testimony of witnesses; (3) the prosecution's failure to disclose evidence favorable to the defense; (4) prosecutorial misconduct; (5) the prosecution's misstatement and misuse of evidence; (6) the denial of the right of appeal; and (7) ineffective assistance of counsel. R&R at 8.

## III. DISCUSSION

**A.  Standard of Review**

The district court reviews de novo those portions of a R&R to which objection is made and "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. R. 72.2(b). "If it plainly appears from the [habeas] petition . . . that the petitioner is not entitled to relief . . . the judge must dismiss the petition . . . ." Rules Governing Section 2254 Cases, R. 4.

Under 28 U.S.C. § 2254, federal court habeas review of state court criminal convictions resulting in incarceration is limited:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1).

**B. Objections**

**1. Excluded Testimony of Certain Defense Witnesses**

Vance asserts that the trial court violated his right to present a complete defense by not allowing the testimony of identified witnesses that supported his alternative perpetrator defense. "Whether rooted directly in the Due Process Clause of the Fourteenth Amendment . . . or in the Compulsory Process or Confrontation clauses of the Sixth Amendment, . . . the Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense." Crane v. Kentucky, 476 U.S. 683, 690 (1986). The right to introduce evidence favorable to the defense is not, however, without limit. Taylor v. Illinois, 484 U.S. 400, 410 (1988). On direct appeal, the Minnesota Supreme Court held that the trial court erred by excluding certain testimony supporting Vance's alternative perpetrator defense but that the erroneous exclusion "did not affect the outcome of the trial and was, therefore, harmless beyond a reasonable doubt." State v. Vance, 714 N.W.2d 428, 439 (Minn. 2006). The Supreme Court has held that when exclusion of evidence violates a defendant's right to present a complete defense, the violation is evaluated under the harmless error standard. See Crane, 476 U.S. at 690-91. The Minnesota Supreme

Court analyzes harmless error in substantially the same manner as the United States Supreme Court. See State v. Robinson, 427 N.W.2d 217, 224 (Minn. 1988) (citing Chapman v. California, 386 U.S. 18, 22 (1967)). Therefore, Judge Nelson correctly concluded that Vance failed to show that the Minnesota Supreme Court's application of harmless error analysis to the wrongly excluded testimony was an unreasonable application of Supreme Court precedent.

**2. Perjured Testimony**

As his second ground for habeas relief, Vance claims that the trial court admitted perjured testimony in violation of his due process rights. In recommending denial of this claim, Judge Nelson concluded that Vance failed to show that it was an unreasonable application of Supreme Court precedent for the Minnesota Supreme Court to hold that (1) Vance had not met the requirements to obtain a new trial based on recanted testimony and (2) Vance had not shown that information alleged to constitute newly-discovered evidence was unknown to him at the time of trial and was not due to a lack of diligence. R&R at 14-15.

Recantation of testimony is not, in itself, a sufficient ground for invoking the Due Process Clause against a conviction. Hysler v. Florida, 315 U.S. 411, 413 (1942). "[T]he impact of recanted testimony as a basis for a new trial . . . depends both on the credibility of the recanting witness and the materiality of his testimony. Unless the recanted testimony would *probably produce an acquittal* on retrial, a new trial . . . on this ground must be denied." Mastrian v. McManus, 554 F.2d 813, 822-23 (8th Cir. 1977) (emphasis added). In denying Vance a new trial based on recanted testimony, the Minnesota Supreme Court concluded that Vance failed to show that the jury would have returned a different verdict had they not heard the recanted testimony. Vance, 752 N.W.2d at 515. This adjudication by the Minnesota Supreme

4

Court, which focused on the significance of the recanted testimony and whether its exclusion would have resulted in a different verdict, was not contrary to Supreme Court precedent, and, therefore, Judge Nelson properly rejected this ground for habeas relief.

Judge Nelson also concluded that Vance's claim that witness McManus offered perjured testimony had been procedurally defaulted and was not subject to federal habeas review. R&R at 15. In a § 2254 action, if an independent and adequate state procedural rule precludes further litigation of a claim, such a claim is not reviewable in a future federal habeas proceeding except on a showing of sufficient cause and prejudice to excuse the procedural default or clear proof of actual innocence. Coleman v. Thompson, 501 U.S. 722, 750 (1991). Under Minnesota law, all claims that are known or should have been known but were not raised at the time of direct appeal will not be considered in a subsequent petition for post-conviction relief. Leake v. State, 737 N.W.2d 531. 535 (Minn. 2007). As to the tardy claim of perjured testimony, Vance knew or should have known about the basis for this claim but did not raise it in his direct appeal. Vance has offered no arguments showing cause and prejudice to excuse the default or clear proof of actual innocence, and, accordingly, Judge Nelson correctly found that this claim is not subject to federal habeas review.

### 3. Exculpatory Evidence

As his third ground, Vance claims that the prosecution's failure to disclose exculpatory evidence violated due process. Objections at 3. Vance alleges that cellular phone records would have pinpointed his location on the night of the murder but that the prosecution failed to obtain such records before they were erased by the cellular phone provider. Id. Judge Nelson concluded that this claim was procedurally barred under state law and thus could not be

considered in federal habeas review. R&R at 16. Also, Judge Nelson concluded that even on the merits, the claim failed because Vance had not made the necessary showing of bad faith on the part of the state, a showing necessary to establish a denial of due process of law. See Arizona v. Youngblood, 488 U.S. 51, 58 (1988); see also United States v. Purkey, 428 F.3d 738, 747-48 (8th Cir. 1990) (holding that the state's failure to preserve evidence does not constitute a denial of due process unless the state acted in bad faith, the evidence had apparent exculpatory value, and comparable exculpatory evidence was not reasonably available to the defendant). Judge Nelson reasoned that the mere assertion that the evidence was not available did not show the requisite bad faith. R&R at 17.

In his Objections, Vance maintains that the state had "ample time" to obtain the evidence but failed to do so. Objections at 4. The Court agrees with Judge Nelson that such a conclusory allegation fails to show bad faith.

**4. Prosecutorial Misconduct**

As his fourth ground, Vance claims that particular statements by the prosecutor during closing arguments constituted prosecutorial misconduct. Judge Nelson found that Vance failed to show that the Minnesota Supreme Court's rejection of the misconduct claim as not affecting Vance's "substantial rights" was contrary to or an unreasonable application of established Supreme Court precedent. R&R at 18; Vance, 714 N.W.2d at 442. The Court agrees with Judge Nelson's conclusion. See Greer v. Miller, 483 U.S. 756, 765 (1987) (holding that prosecutorial misconduct does not constitute a due process violation unless it is of sufficient significance to result in a denial of the right to a fair trial); United States v. Boesen, 541 F.3d 838, 845 (8th Cir. 2008) (explaining that prosecutorial misconduct deprives a defendant of a fair

trial if it affects a defendant's "substantial rights"). To the extent that Vance bases his prosecutorial misconduct claim on allegations that were not raised on direct appeal, Judge Nelson correctly concluded the claim was procedurally barred under state law. Vance's procedurally barred claims are not subject to federal habeas review because he has not alleged cause and prejudice to excuse the default or proof of actual innocence. See Coleman, 501 U.S. at 750.

### 5. Prejudicial Error

Vance claims that the admission of certain evidence and testimony amounted to prejudicial error and violated his Fifth and Sixth Amendment rights. Again, as Judge Nelson correctly noted, this claim was not raised on direct appeal. R&R at 19-20. As such, absent a showing of (1) cause and prejudice to excuse the default or (2) proof of actual innocence—neither of which Vance has attempted to argue—his claim is procedurally barred under state law and therefore not subject to federal habeas review. See Coleman, 501 U.S. at 750.

### 6. Right of Appeal

As his sixth ground for habeas relief, Vance asserts that he was denied the right of appeal. It is not entirely clear in Vance's submissions to the Court what the basis of this claim is, but it appears that the claim is based on the same issues raised in his other grounds for habeas relief. As Judge Nelson found, Vance received a direct appeal to the Minnesota Supreme Court, and he also appealed the denial of his post-conviction petition. R&R at 20. The record shows no denial of his right of appeal.

**7. Ineffective Assistance of Counsel**

Lastly, Vance claims ineffective assistance of both his trial counsel and appellate counsel. Judge Nelson found that Vance's claim of ineffective assistance of trial counsel was known but not raised on direct appeal and therefore was procedurally barred by state law. R&R at 21. And again, because Vance failed to show cause and prejudice to excuse the default or proof of actual innocence, Judge Nelson concluded that the claim of ineffective assistance of trial counsel was not subject to federal habeas review. Id. at 23.

When a post-conviction claim of ineffective assistance of trial counsel can be determined on the basis of the trial record, the claim is barred by Minnesota's procedural default rule if it was not raised on direct appeal. See Sanchez-Diaz v. State, 758 N.W.2d 843, 847 (Minn. 2008). Whether such claims that are barred by a state procedural default rule are likewise barred in § 2254 actions by the federal procedural default rule announced in Coleman is less clear. In Massaro v. United States, the Supreme Court held that the "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." 538 U.S. 500, 504 (2003). Neither the Supreme Court nor the Eighth Circuit has addressed whether the holding in Massaro should be extended to claims of ineffective assistance of counsel asserted in § 2254 actions. Two circuit courts have considered the issue, however, and have held that Massaro does not alter the rule that in a § 2254 action, a claim not raised on direct appeal of a state conviction—including a claim of ineffective assistance of trial counsel—is procedurally defaulted for purposes of federal habeas review. Sweet v. Bennet, 353 F.3d 135, 140-41 (2d Cir. 2003); Hayes v. Battaglia, 403 F.3d 935, 937 (7th Cir. 2005).

In <u>Sweet</u>, the court explained that unlike § 2255, § 2254 expressly contains an exhaustion rule, "as well as a rule requiring deference to state courts," which "underscor[es] the necessity that defendants raise their claims in state courts first." 353 F.3d at 140. Furthermore, the concerns of comity and federalism, which are essential to the procedural default rule in a § 2254 action, are not present in a proceeding under § 2255. <u>Id.</u> Thus, if the exception in <u>Massaro</u> were applied to excuse the procedural default under state law of an ineffective assistance of counsel claim, such an application would "disrespect the [state] legislature's choice to conserve judicial resources, subverting the values of comity and federalism embraced by <u>Coleman</u>." <u>Id.</u> at 141. The Second Circuit's reasoning is sound, and the Court adopts the view that the procedural default rule announced in <u>Coleman</u> for § 2254 actions remains unchanged by <u>Massaro</u>.

Turning to the particular circumstances of this case, Vance's ineffective assistance of trial counsel claim is based on the alleged failure to raise various objections, adequately investigate the case, interview witnesses, challenge the denial of defense witnesses, and present certain evidence. At the time of his direct appeal, Vance, who was present at his trial, knew (or should have known) the underlying facts for his ineffective assistance of trial counsel claim, but he failed to raise the claim. Thus, the claim is procedurally barred under state law. R&R at 23. And because Vance has not shown cause and prejudice to excuse the default or proof of actual innocence, federal habeas review of the claim is unavailable. See <u>Coleman</u>, 501 U.S. at 750.

Vance also claims his appellate counsel was ineffectiveness for failing to argue on direct appeal that trial counsel was ineffective, which resulted in "numerous accounts of critical and significant grounds [being] procedurally barred." Objections at 6. On appeal of the denial of Vance's post-conviction petition, the Minnesota Supreme Court rejected the same claim because

9

Vance had not shown that his trial counsel was ineffective. <u>Vance</u>, 752 N.W.2d at 514. Judge Nelson concluded that Vance has not shown that this adjudication by the Minnesota Supreme Court of his ineffective assistance of appellate counsel claim was contrary to or an unreasonable application of established Supreme Court precedent or that it was based on an unreasonable determination of the facts. R&R at 24. The Court agrees. <u>See</u> <u>Johnson v. Tennis</u>, 549 F.3d 296, 302 (3d Cir. 2008) (holding that it was not an unreasonable application of Supreme Court precedent for a state court to deny a claim that appellate counsel was ineffective for not asserting an ineffective assistance of trial counsel claim when there was a minimal likelihood of success on the ineffective assistance of trial counsel claim); <u>Brown v. Gibson</u>, 7 F. App'x 894, 911 (10th Cir. 2001) (holding that it was a reasonable application of Supreme Court precedent for a state court to reject a claim that appellate counsel was ineffective for not arguing ineffective assistance of trial counsel when trial counsel was in fact not ineffective).

Having reviewed all of the issues raised in Vance's submissions, the Court agrees with Judge Nelson that Vance's habeas petition must be denied, that there is no need for an evidentiary hearing, and that appointment of counsel is not warranted. The R&R is adopted.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Philip R. Vance's Objections [Docket No. 17] to Magistrate Judge Susan R. Nelson's December 16, 2008, Report and Recommendation [Docket No. 14] are **OVERRULED**;

2. The Report and Recommendation is **ADOPTED**; and

3. Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus [Docket No. 1] is **DENIED**;

4. Petitioner's Motion for Evidentiary Hearing [Docket No. 9]; is **DENIED**; and

5. Petitioner's Application for Appointment of Counsel [Docket No. 12] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: February 5, 2009.